

**ORDERED in the Southern District of Florida on March 31, 2011.**

Erik P. Kimball, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | CASE NO.: 11-12148-EPK |
| GLENN C. HOLCOMB and BRENDA MCKINLEY-HOLCOMB, | CHAPTER 13 |
| Debtors. _____/ | |
| GLENN C. HOLCOMB and BRENDA MCKINLEY-HOLCOMB, | |
| Plaintiffs, | ADV. PROC. NO. 11-01709-EPK |
| vs. | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | |
| Defendant. _____/ | |

**ORDER DISMISSING ADVERSARY PROCEEDING**

**THIS MATTER** came before the Court for a status conference upon the *Debtors' Amended Notice of Reference or In the Alternative Notice of Removal* [DE 1] (the "Notice of Removal") filed by Glenn C. Holcomb and Brenda McKinley-Holcomb (together, the

1

"Debtors"), and related matters. The Court has reviewed the record and is otherwise fully advised in the premises.

On January 27, 2011, the Debtors filed with this Court a joint petition commencing the above-captioned chapter 13 case. At the time of their petition here, the Debtors had pending in the United States District Court for the Southern District of Florida an action against the Federal Home Loan Mortgage Corporation. On February 17, 2011, the Debtors filed with this Court the Notice of Removal of the district court action to this Court, causing the clerk of this Court to open a docket for the above-referenced adversary proceeding.

In the Notice of Removal, the Debtors request that the action pending in the district court "be referred or in the alternative removed to this Court" pursuant to 28 U.S.C. § 157(a), 28 U.S.C. § 1452, and S.D. Fla. L.R. 87.2, and that this Court accept jurisdiction of the action.

Section 1452(a) of Title 28 does not permit the removal of a pending district court lawsuit to a bankruptcy court. "The large majority of courts interpreting Section 1452 have concluded that 'there is no legal authority to support removal from a federal district court to a bankruptcy court.'" *Global Aircraft Solutions, Inc. v. Hamilton Aerospace Techs., Inc. (In re Global Aircraft Solutions, Inc.)*, 2011 Bankr. LEXIS 188 (Bankr. N.D. Ill. Jan. 19, 2011) (*quoting Wellness Int'l Network v. J.P. Morgan Chase Bank, N.A. (In re Sharif)*, 407 B.R. 316 (Bankr. N.D. Ill. 2009)); *Sharp Elecs. Corp. v. Deutsche Fin. Servs. Corp.*, 222 B.R. 259 (Bankr. D. Md. 1998); *Thomas Steel Corp. v. Bethlehem Rebar Indus., Inc.*, 101 B.R. 16 (Bankr. N.D. Ill. 1989). "[T]he proper method for a party to bring a matter that has been pending in the district court into the bankruptcy court is for that party to make a motion before the district court for a directed reference." *In re Global Aircraft Solutions, Inc.*, 2011 Bankr. LEXIS 188 (*citing Thomas Steel Corp.*, 101 B.R. at 22).

Accordingly, and for the reasons stated on the record, it is

**ORDERED AND ADJUDGED** that:

1. The above-captioned adversary proceeding is DISMISSED.

2. All pending motions are DENIED as moot.

###

Copies Furnished To:
All parties of record by the Clerk.